NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YECHENG DU, | No. 15-73064 |
| Petitioner, | Agency No. A201-187-752 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022**
San Francisco, California

Before: SILER,*** S.R. THOMAS, and CALLAHAN, Circuit Judges.

Yecheng Du, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") denial of his applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

withholding of removal, and protection under the Convention Against Torture.  We have jurisdiction under 8 U.S.C. § 1252, and we deny Du's petition.

Du argues that the BIA erred in upholding the immigration judge's ("IJ") adverse credibility finding.  "We review factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020).  "The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (quoting 8 U.S.C. § 1252(b)(4)(B)).

The BIA affirmed the IJ's adverse credibility determination based on conflicting and implausible testimony regarding several subjects.  First, Du alleges he entered the United States in 2010 to continue to practice Christianity, but he was not baptized until March 2014, just prior to his immigration hearing.  Du attributed the delay to his inability to take time off work prior to March 2014, but the IJ found this explanation to be implausible and inconsistent with his testimony that his employer regularly allowed him to take time off and travel; indeed, at one point his employer let him take nearly two months off work.

Second, the IJ found that Du lied on his visa application regarding his true intent in traveling to the United States.  Du was admitted to the United States to attend the University of Detroit Mercy, but he never attended the school and the

record is devoid of any indication he ever intended to do so. Du's briefing does not attempt to explain why he did not seek to further his education in the United States.

Third, Du's recitation of his employment history was not consistent. During his hearing, he stated multiple times that he worked for Happy Feet Massage Spa. But in his recitation of the employment history he submitted after his hearing, Du stated that he worked for Paradise Foot Spa and did not mention Happy Feet Massage Spa at all.

Fourth, there were inconsistencies in the record regarding Du's residence. Du testified that his driver's license and his tax returns listed an address in Monterey Park, California, during 2012–13. However, this address did not appear in Du's summary of his residence history that he submitted after his hearing. His post-hearing submission also stated that he lived and worked in Texas for six months in 2013, a fact which he never mentioned during his hearing.

Du contends that these discrepancies did not enhance his claims for relief and thus cannot support the adverse credibility finding. But following the REAL ID Act, inconsistencies no longer need to go to the heart of the petitioner's claim to support an adverse credibility determination. *Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010). Here, the combination of the implausible and inconsistent testimony cited by the IJ and Du's failure to address why he lied in his

visa application constitute substantial evidence in support of the IJ's finding, and Du has failed to show the record compels the conclusion he testified truthfully. *See* 8 U.S.C. § 1252(b)(4)(B). In the absence of credible testimony, we agree with the BIA that the remaining objective evidence in the record is insufficient to support Du's claims for relief.

The petition for review is **DENIED**.